1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

UNITED STATES OF AMERICA,

Case No. 2:03-cr-00512-KJD-RJJ

8

Plaintiff,

Case No. 2:20-cv-01104-KJD

9

v.

ORDER

10

YOSVANY RUZLOPEZ,

11

Defendant.

12      Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Conviction

13  and Sentence Pursuant to 28 U.S.C. § 2255 (#63). The Government filed a Motion for Leave to

14  Advise the Court of Legal Developments Relevant to Defendant's Motion to Vacate Sentence

15  (#65). Movant responded in opposition (#66) to which the Government replied (#67).

16      I.    Factual and Procedural Background

17      Movant Yosvany Ruzlopez ("Ruzlopez" or "Defendant") was convicted on his guilty plea in

18  a written plea agreement, after waiving indictment, to one count of unlawful firearm possession

19  under 18 U.S.C. § 922(g)(1) and § 924(a)(2). This Court sentenced Ruzlopez to 86 months in

20  prison and three years of supervised release. (#14). Shortly after the federal sentencing, Ruzlopez

21  received an unrelated state sentence for second degree murder and was sentenced to life

22  imprisonment with the possibility of parole after ten years. Ruzlopez has been convicted of

23  multiple previous felonies, including possession of cocaine and robbery where he was sentenced

24  to 36 months and 30 months in prison, respectively.

25      His signed plea agreement for the present offense stated that (1) he was a previously

26  convicted felon; (2) that if he elected to go to trial instead of enter his plea, the United States

27  could prove facts sufficient to establish his guilt beyond a reasonable doubt; and (3) he had

28  possession of a semi-automatic hand gun. (#8-5105).

II.   <u>Legal Standard</u>

28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "[w]hoever knowingly violates" § 922(g). Before June 2019, courts treated the knowledge requirement in § 924(a)(2) as applying only to the defendant's possession of a firearm or ammunition, not to the fact that he fell within the relevant enumerated category. But on June 21, 2019, the Supreme Court issued its decision in <u>Rehaif v. United States</u>, 139 S.Ct. 2191 (2019), holding that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a § 922(g) offense. <u>Id.</u> at 2194. This decision applies to all § 922(g) categories, including felons under § 922(g)(1). A felon is one who has been convicted of a crime punishable by more than one year of imprisonment.

In <u>Rehaif</u>, the Supreme Court stated:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

<u>Id</u>. <u>Rehaif</u> does not stand for the proposition that the government must prove the defendant knew his possession of the firearm was unlawful. <u>Rehaif</u> requires proof of the defendant's felonious status. So, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that (1) the defendant knew he possessed a firearm and that (2) he knew he belonged

1   to the relevant category of persons barred from possessing a firearm. See id. at 2200. To hold

2   otherwise would mean that pure ignorance of the United States Code was a sufficient defense.

3       The Supreme Court also recently held that "[i]n felon-in-possession cases, a Rehaif error is

4   not a basis for plain-error relief unless the defendant first makes a sufficient argument or

5   representation on appeal that he would have presented evidence at trial that he did not in fact

6   know he was a felon." Greer v. United States, 141 S.Ct. 2090, 2093 (2021). The Court held that

7   for the felons-in-possession in that case, they must have shown that had the Rehaif errors been

8   correctly advised, there was a "reasonable possibility" they would be acquitted or not have

9   plead guilty. Id. The Court held that it was unlikely they would have carried that burden because

10  both had been convicted of multiple felonies before and those "prior convictions are substantial

11  evidence that they knew they were felons." Id. The Court also rejected the argument that a

12  Rehaif error is a structural one that requires automatic vacatur and held that "Rehaif errors fit

13  comfortably within the 'general rule' that 'a constitutional error does not automatically require

14  reversal of a conviction.'" Id., quoting Arizona v. Fulminante, 499 U.S. 279, 306 (1991).

15      III.     Analysis

16      Ruzlopez asserts that in light of Rehaif, his sentence is unconstitutional and must be vacated

17  because (1) the information failed to state a cognizable crime which stripped this Court of

18  jurisdiction, and (2) violated Ruzlopez's Sixth Amendment right guaranteeing that he be

19  informed of the nature and cause of accusations against him, and (3) his plea was not knowing

20  and voluntary due to the missing knowledge-of-status element, which violated his due process

21  rights. (#63, at 11). The government argues that Ruzlopez interprets Rehaif incorrectly and that

22  he is not entitled to a sentence vacatur. (#67).

23      The Court notes that Ruzlopez was a felon at the time he possessed the weapon and he

24  admitted so in his plea agreement. He had been convicted of multiple crimes that were

25  punishable by more than one year in prison, including possession of cocaine and robbery. And as

26  the Supreme Court stated, "[i]f a person is a felon, he ordinarily knows he is a felon." Greer, 141

27  S.Ct., at 2097.

28

**A.  Jurisdiction**

Ruzlopez argues that his information failed to allege all the essential elements of the crime under Rehaif, which applies retroactively, and that it was fatally defective which stripped this Court of jurisdiction. (#63, at 18). The Ninth Circuit has ruled on an almost identical argument, holding that "the indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction." United States v. Espinoza, 816 Fed.Appx. 82, 84 (9th Cir. 2020). "The Supreme Court has explicitly rejected 'the view that indictment omissions deprive a court of jurisdiction…." Id., quoting United States v. Cotton, 535 U.S. 625, 631 (2002). "[T]his holding applies where 'an indictment fails to allege the specific intent required' for a crime[.]" Id., quoting United States v. Velasco-Medina, 205 F.3d 839, 845-46 (9th Cir. 2002). The Court sees no reason to treat the information any differently from an indictment. Therefore, the Court rejects Ruzlopez's argument that this Court lacked jurisdiction.

**B.  Sixth Amendment Rights**

Ruzlopez also argues that the faulty information violated his Sixth Amendment rights to notice and effective assistance of counsel. (#63, at 20). Ruzlopez argues that his counsel could not investigate whether Ruzlopez knew his prohibitive status at the time of the alleged possession, and counsel did not know that the government must have proved beyond a reasonable doubt that he had any such knowledge. The Court does not find this convincing. Ruzlopez had already been convicted of at least two felonies. All counsel would have needed to do was take a look at Ruzlopez's criminal history or simply ask whether Ruzlopez had ever been convicted of a crime that was punishable by more than one year in prison. Even without the Rehaif ruling applying at the time of his sentencing, and now as it applies retroactively, this was not a violation of his Sixth Amendment rights.

Ruzlopez also argues this was a structural error that entitles him to relief without showing prejudice. Id. at 22. However, as clarified in Greer, this was not a structural error that requires a reversal of his conviction.

Further, the Supreme Court reasoned that when a defendant considers pleading guilty for this charge, he will usually recognize that as a felon, a jury would find he knew he was a felon when

he possessed the gun and would likely factor that in when making the decision. <u>Greer</u>, 141 S.Ct.,
at 2097. "[I]f a defendant was in fact a felon, it will be difficult for him to carry the burden on
plain-error review of showing a 'reasonable probability' that, but for the <u>Rehaif</u> error, the
outcome of the district court proceedings would have been different." <u>Id.</u> The missing element in
the information does not lend to the reasonable probability that the outcome of Ruzlopez's plea
would have been any different. Ruzlopez has not made a showing that his Sixth Amendment
rights were violated because of the <u>Rehaif</u> error, and as per <u>Greer</u>, his sentence will not be
vacated.

**C. Guilty Plea**

Finally, Ruzlopez argues there was a structural error because he did not knowingly and
intelligently plead guilty to all post-<u>Rehaif</u> necessary elements and this should result in an
automatic reversal. (#63, at 24). The Supreme Court addressed this argument in <u>Greer</u>. There, the
defendant made a similar argument– that failure to prove the knowledge-of-status element
rendered his guilty plea inadequate. <u>Greer</u>, 141 S.Ct., at 2097. The Court held that the defendant
"has the burden of showing that, if the District Court had correctly advised him of the mens rea
element of the offense, there is a 'reasonable probability' that he would not have pled guilty." <u>Id.</u>
The Court noted that in "a felon-in-possession case where the defendant was in fact a felon when
he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-
rights prong of the plain-error test based on an argument that he did not know he was a felon."
<u>Id.</u>

The Supreme Court also denied the defendant's argument that the <u>Rehaif</u> error in the guilty
plea was structural and held that "a constitutional error does not automatically require reversal of
a conviction." <u>Id.</u> at 2099. The Court held specifically, that the "discrete error" of the missing
element in his plea colloquy was not a structural error. <u>Id.</u> at 2100. This Court is bound to hold
the same. The mistake in the plea colloquy is not a structural error that justifies automatic
reversal. Finally, Ruzlopez has not argued that he would have presented evidence at trial that he
did not know he was a felon, and according to his signed plea agreement, he admitted that he was
a previously convicted felon. Thus, he has not satisfied the plain-error test. <u>See id.</u>

1    IV.    Certificate of Appealability

2          Finally, the Court must deny a certificate of appealability. To proceed with an appeal,

3    petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P.

4    22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United

5    States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a

6    substantial showing of the denial of a constitutional right" to warrant a certificate of

7    appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

8    "The petitioner must demonstrate that reasonable jurists would find the district court's

9    assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484).

10   To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

11   debatable among jurists of reason; that a court could resolve the issues differently; or that the

12   questions are adequate to deserve encouragement to proceed further. Id. Ruzlopez has not met

13   his burden in demonstrating that there was any reasonable probability that he did not know that

14   he was a felon and, therefore, prohibited from possessing a firearm.

15   V.    Conclusion

16         Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or

17   Correct Sentence under 28 U.S.C. § 2255 (#63) is **DENIED**.

18         **IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for

19   Respondent and against Movant in the corresponding civil action, 2:20-cv-01104-KJD, and close

20   that case;

21         **IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

22   DATED this 15th day of May 2023.

23

24                                                    Kent J. Dawson
                                                      United States District Judge
25

26

27

28